**IT IS ORDERED**

**Date Entered on Docket: June 30, 2026**



_____

**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

_____

## ITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| In re:<br><br>Inverse Medical, Inc*, a New Mexico LLC*<br>Debtor(s). | Chapter 7<br><br>Case No. 25-10888-j7 |

### DEFAULT ORDER GRANTING JPMORGAN CHASE BANK, N.A. MOTION TO ABANDON PROPERTY (2020 LAND ROVER RANGE ROVER, VIN NO. SALGS5SEXLA568228)

This matter came before the Court on the Motion To Abandon Property (2020 LAND ROVER RANGE ROVER, VIN NO. SALGS5SEXLA568228) filed on May 29, 2026, Docket No. 87 (the "Motion") by JPMorgan Chase Bank, N.A. ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On May 29, 2026, Movant served the Motion and a notice of the Motion (the "Notice") on the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3)

and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b)     The Motion relates to the following Collateral:

2020 LAND ROVER RANGE ROVER, VIN NO. SALGS5SEXLA568228, (the "Collateral");

(c)     The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d)     The Notice was sufficient in form and content;

(e)     The objection deadline expired on June 22, 2026;

(f)     As of June 25, 2026, neither the Debtor(s) nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g)     The Motion is well taken and should be granted as provided herein; and

IT IS THEREFORE ORDERED:

1.     The Trustee is deemed to have abandoned the Collateral from the estate  pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Collateral therefore no  longer is property of the estate. As a result, Movant need not name the Trustee as a  defendant in any state court action it may pursue with respect to the Collateral and  need not notify the Trustee of any sale of the Collateral.

2.     The Movant may proceed to enforce all of its contact, state law, and/or other rights against the Collateral.

3.      The Movant may exercise any other right or remedy available to it under law or equity with respect to the Collateral.

4.      That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

5.  That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.


XXX END OF ORDER XXX

Submitted by:

TIFFANY & BOSCO, P.A.


By:/s*/ Karen H. Bradley*
Karen H. Bradley
Attorney for Movant
1700 Louisiana Blvd NE, Suite 300
Albuquerque, New Mexico 87110
Ph: (505) 248-2400    Fax: (505) 254-4722


Copies to:

Inverse Medical, LLC
Pro Se Debtor
P.O. Box 90056
Albuquerque, NM 87199

Edward Alexander Mazel
Trustee
PO Box 21151
Albuquerque, NM 87154